UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RUDOLPH ANTHONY MORAGA | * | CIVIL ACTION NO. |
| VS. | * | JUDGE: |
| ADIL HAMZIC, AZEMA TRUCKING, LLC, THE NORTH RIVER INSURANCE COMPANY, R.M.S TRANS, INC., GREAT AMERICAN INSURANCE COMPANY, CRUM & FORSTER INDEMNITY COMPANY, and GEICO ADVANTAGE INSURANCE COMPANY | * * * | MAGISTRATE: |

*******************************************************************************

## **COMPLAINT**

Complainant invokes the jurisdiction of this Court under Title 28, Section 1332 of the United States Code.

The following named party is the complainant herein, to-wit:

1. Rudolph Anthony Moraga, a person of the full age of majority and domiciled in Jefferson Parish.

The above-named complainant respectfully represents as follows, to-wit:

I.

The following named parties are made respondents herein, to-wit:

(a) ADIL HAMZICK, a person of the full age of majority and domiciled in Pasco County, Florida;

(b) AZEMA TRUCKING, LLC, a foreign corporation with its principal place of business in Pasco County, Florida;

1

(c) THE NORTH RIVER INSURANCE COMPANY, a foreign insurance company with its domicile in Morristown, New Jersey;

(d) R.M.S TRANS, INC., a foreign corporation with its principal place of business in Jacksonville, Florida;

(e) GREAT AMERICAN INSURANCE COMPANY, a foreign insurance company with its domicile in Cincinnati, Ohio;

(f) CRUM & FORSTER INDEMNITY COMPANY, a foreign insurance company with its domicile in Wilmington, Delaware; and

(g) GEICO ADVANTAGE INSURANCE COMPANY, a foreign insurance company with its domicile in Omaha, Nebraska.

II.

The above-named defendants are responsible and liable jointly, severally, solidarily and/or vicariously indebted to complainant, Rudolph Anthony Moraga, for general and special damages suffered by complainant in a sum sufficient to fully compensate him for all of his damages, together with legal interest, and for all costs, because of the following:

III.

On or about May 21, 2018, complainant was traveling in a careful and prudent manner on South Clearview Parkway in Jefferson Parish. On this same date, Adil Hamzick, in the course and scope of his employment with Azema Trucking, LLC and/or RMS Trans, Inc. was also driving a 2005 Volvo Tractor on South Clearview Parkway in Jefferson Parish. Prior to the accident which gives rise to this suit, Adil Hamzick was travelling in the center lane of travel on South Clearview

Parkway and Rudolph Anthony Moraga was travelling in the left lane of travel on South Clearview Parkway. Suddenly and without warning, Adil Hamzick merged left into Rudolph Anthony Moraga's lane crashing into Rudolph Anthony Moraga's vehicle. The impact caused Rudolph Anthony Moraga's passenger side windows to shatter, the air bags were deployed, and Rudolph Anthony Moraga sustained serious and severe injuries all as a direct result of the accident.

IV.

Complainant, Rudolph Anthony Moraga, has undergone medical treatment since the accident and will undergo further medical treatment. Complainant was and still is limited from his normal activities as a result of the accident. The injuries caused him pain and discomfort in his employment.

V.

The sole and proximate cause of the injuries and damages sustained by complainant was the individual, joint, solidary, concurrent and/or successive negligence of Adil Hamzick, which negligence includes but is not limited to, to-wit:

(a) Failure to maintain a proper look-out;

(b) Failure to observe existing traffic conditions;

(c) Failure to observe complainant's vehicle in due time in order to avoid hitting same;

(d) Failure to observe due caution;

(e) Driving recklessly;

(f) Failure to maintain control of his vehicle;

(g) Striking complainant's vehicle;

(h) Inattentiveness while driving;

(i) Driving while exhausted and/or sleepy;

(j) Failure to be attentive;

(k) Improper lane change;

(l) Changing lane without first making sure he could so safely;

(m) Failing to maintain a safe distance;

(n) Careless operation of his vehicle;

(o) Failing to operate the 18-wheeler at a reasonable rate of speed and having due regard for traffic, due regard for Rudolph Anthony Moraga's vehicle, and the conditions present;

(p) Operating the 18-wheeler in a fatigued physical and mental condition;

(q) Failing to exercise reasonable safety for himself and others;

(r) Failing to maneuver the 18-wheeler so as to avoid colliding with the complainant's vehicle;

(s) Violations of other unspecified rules, regulations, and statutes;

(t) Other negligence which may be proven at trial of this matter.

VI.

The defendant, R.M.S Trans, Inc., is guilty of the following additional acts of negligence, gross negligence, and/or omissions which proximately caused or proximately contributed to the accident of May 21, 2018, described herein above and the injuries sustained by the complainant, Rudolph Anthony Moraga:

(a) Negligently and carelessly failed to properly select, train, and or supervise their driver, Adil Hamzick;

(b) Negligently and carelessly put or allowed to remain on the road and unqualified and/or reckless driver;

(c) Negligently and carelessly failed to screen and test their driver periodically to monitor and evaluate his safety orientation;

(d) Negligently and carelessly failed to develop, promulgate, adopt, and/or implement safety policies, procedures and practices for their driver;

(e) Negligently and carelessly permitted, allowed, and/or failed to stop their driver from operating vehicles in violation of 49 C.F.R. § 395.3;

(f) Negligently and carelessly permitted, allowed and/or failed to stop their driver, respondent, Adil Hamzick, from violating the rules of 49 C.F.R. § 390.35 and/or 395.8 regarding driver records and logs;

(g) Negligently and carelessly permitted and allowed their driver, Adil Hamzick, to operate motor vehicles when said driver was experiencing sleep deprivation and/or cumulative fatigue;

(h) Negligently and carelessly failed to provide remedial training of their driver, Adil Hamzick;

(i) Negligently entrusted their vehicle to Adil Hamzick;

(j) Negligent risk management;

(k) Any such other negligence or gross negligence and violations of rules, regulations, and statutes as may be shown at the trial of this matter.

VII.

The defendant, Azema Trucking, LLC, is guilty of the following additional acts of negligence, gross negligence, and/or omissions which proximately caused or proximately contributed to the accident of May 21, 2018, described herein above and the injuries sustained by the complainant, Rudolph Anthony Moraga:

(a) Negligently and carelessly failed to properly select, train, and or supervise their driver, Adil Hamzick;

(b) Negligently and carelessly put or allowed to remain on the road an unqualified and/or reckless driver;

(c) Negligently and carelessly failed to screen and test their driver periodically to monitor and evaluate his safety orientation;

(d) Negligently and carelessly failed to develop, promulgate, adopt, and/or implement safety policies, procedures and practices for their driver;

(e) Negligently and carelessly permitted, allowed, and/or failed to stop their driver from operating vehicles in violation of 49 C.F.R. § 395.3;

(f) Negligently and carelessly permitted, allowed and/or failed to stop their driver, respondent, Adil Hamzick, from violating the rules of 49 C.F.R. § 390.35 and/or 395.8 regarding driver records and logs;

(g) Negligently and carelessly permitted and allowed their driver, Adil Hamzick, to operate motor vehicles when said driver was experiencing sleep deprivation and/or cumulative fatigue;

(h) Negligently and carelessly failed to provide remedial training of their driver, Adil Hamzick;

(i) Negligently entrusted their vehicle to Adil Hamzick;

(j) Negligent risk management;

(k) Any such other negligence or gross negligence and violations of rules, regulations, and statutes as may be shown at the trial of this matter.

VIII.

Rudolph Anthony Moraga itemizes the damages to which he is entitled as a result of the accident and injury proximately caused by the above described negligence of Adil Hamzick, R.M.S. Trans, Inc., and Azema Trucking, LLC as follows, to-wit:

(a) Past physical pain, suffering and discomfort;

(b) Past mental anguish, aggravation, and annoyance;

(c) Disability;

(d) Future physical pain, suffering and discomfort;

(e) Future mental anguish, aggravation and annoyance;

(f) Past medical expenses;

(g) Future medical expenses;

(h) Past lost wages;

(i) Future lost wages;

(j) Property damage;

(k) Loss of use of vehicle;

(l) Sales tax;

(m) Loss of enjoyment of life;

(n) Loss of use/function of parts of body ;

(o) Bodily disability;

(p) Impairment of psychological functioning;

(q) Diminished earning capacity;

(r) Diminished ability to engage in recreational activities.

IX.

Complainant strictly reserves the right to amend and supplement this complaint as necessary concerning damages.

X.

The North River Insurance Company issued a policy of public liability insurance insuring against the negligent operation of a vehicle on the date of the accident in favor of R.M.S. Trans, Inc. and their employees and/or sub-contractors, including Adil Hamzick and/or Azema Trucking, LLC. under which Adil Hamzick, R.M.S Trans, Inc. and/or Azema Trucking, LLC. are omnibus insureds. As the insurer of the defendant employer/contractor and employee/sub-contractor driver, said insurer is jointly, severally, solidarily and vicariously liable and responsible for the damages and negligence set forth above.

XI.

Great American Insurance Company issued a policy of public liability insurance insuring against the negligent operation of a vehicle on the date of the accident in favor of R.M.S. Trans, Inc. and their employees and/or sub-contractors, including Adil Hamzick and/or Azema Trucking, LLC. under which Adil Hamzick, R.M.S Trans, Inc. and/or Azema Trucking, LLC. are omnibus insureds. As the insurer of the defendant employer/contractor and employee/sub-contractor driver, said insurer is jointly, severally, solidarily and vicariously liable and responsible for the damages and negligence set forth above.

XII.

Crum & Forster Indemnity Company issued a policy of public liability insurance insuring against the negligent operation of a vehicle on the date of the accident in favor of R.M.S. Trans, Inc. and their employees and/or sub-contractors, including Adil Hamzick and/or Azema Trucking, LLC. under which Adil Hamzick, R.M.S Trans, Inc. and/or Azema Trucking, LLC. are omnibus insureds. As the insurer of the defendant employer/contractor and employee/sub-contractor driver, said insurer is jointly, severally, solidarily and vicariously liable and responsible for the damages and negligence set forth above.

XIII.

GEICO Advantage Insurance Company is a foreign insurance company authorized to do and doing business in the State of Louisiana and at all pertinent times hereto was the uninsured and underinsured motorist carrier of plaintiff herein, Rudolph Anthony Moraga, as well as of a certain 2006 BMW 330 owned and operated by him on the date of the incident complained of

9

which said policy provided coverage for the type of loss sued upon herein, thus rendering the said defendant, GEICO Advantage Insurance Company liable unto Rudolph Anthony Moraga with the other named defendants.

XIV.

At the time of the accident, Adil Hamzick was acting in the course and scope of his employment with R.M.S Trans, Inc. and/or Azema Trucking, LLC.  As the employer of Adil Hamzick, R.M.S Trans, Inc. and/or Azema Trucking, LLC. are jointly severally, solidarily and vicariously liable and responsible for the acts of negligence and damages caused by its said employee/sub-contractor during the course and scope of said employee/sub-contractor's employment as per the laws of respondeat superior, principal and agent, insurer and insured, and/or master-servant.

XV.

Complainant further specifically pleads the doctrine of res ipsa loquitor in that the accident and injuries and damages would not have occurred in the absence of the negligence of Adil Hamzick, R.M.S Trans, Inc. and/or Azema Trucking, LLC.

XVI.

Adil Hamzick, R.M.S Trans, Inc. and/or Azema Trucking, LLC. are jointly, severally, solidarily and vicariously liable and responsible for the negligence and damages set forth above.

XVII.

Complainant alleges that the amount in controversy exceeds seventy-five thousand ($75,000.00) dollars, the jurisdictional amount for diversity jurisdiction.

WHEREFORE, complainant prays that defendants be cited and served and that after due proceedings are had there be judgment in favor of complainant, Rudolph Anthony Moraga, and against the defendants, Adil Hamzick, R.M.S Trans, Inc., Azema Trucking, LLC, The North River Insurance Company, Great American Insurance Company, Crum & Forster Indemnity Company, and GEICO Advantage Insurance Company, jointly, severally, solidarily and vicariously for such sums as are reasonable in the premises together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings and for all general and equitable relief and that all expert witness fees be taxed as costs of court.

Respectfully submitted,

/s/ *Jon G. Bethune*
_____
**JON G. BETHUNE (Bar #30221)**
**The Law Office of Jon G. Bethune, L.L.C.**
4701 Tchoupitoulas Street, Suite B
New Orleans, Louisiana 70115
Telephone:  (504) 218-8570
Facsimile:   (504) 267-4893
e-mail: jbethune@bethune-law.com
**ATTORNEY FOR RUDOLPH ANTHONY MORAGA**

**PLEASE SERVE**

Adil Hamzick
Via the Louisiana Long-Arm Statute
9107 Dresden Lane
Port Richey, Florida 34668

R.M.S Trans, Inc.
Via the Louisiana Long-Arm Statute
Through its registered agent
Elma Omerovic
12809 Camellia Bay Drive West
Jacksonville, FL 32223

Crum & Forster Indemnity Company
Through its registered agent
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

GEICO Advantage Insurance Company
Through its registered agent
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

Azema Trucking, LLC
Via the Louisiana Long-Arm Statute
Through its registered agent
Emrah Hamzic
10115 Regency Park Boulevard, Suite D
Port Richey, FL 34668

The North River Insurance Company
Through its registered agent
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

Great American Insurance Company
Through its registered agent
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809